IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DONNIE G. RUBELL, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:13-cv-00053-O |
| | § | |
| LOCKHEED MARTIN and TEXAS | § | |
| DEPARTMENT OF INSURANCE | § | |
| (DIVISION OF WORKERS' | § | |
| COMPENSATION), | § | |
|    Defendants. | § | |

## ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING DISMISSAL

By Order of Referring Case (Docket No. 6) dated May 1, 2013, this case was referred to the undersigned for pretrial management. Having reviewed Plaintiff's Complaint which accompanied his Motion for Leave to Proceed *in Forma Pauperis*, I find that leave should be denied and recommend that the Complaint be dismissed.

Since this action was filed pursuant to Plaintiff's request to proceed *in forma pauperis*, his complaint is subject to review under §1915 (e) (2) and to dismissal under Subsection (B) if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. The district court is authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus.*, 941 F. 2d 374, 379 (5th Cir. 1991). In making a §1915 (e) (2) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985).

By his suit the *pro se* Plaintiff Rubell seeks to challenge an adverse determination of his worker's compensation claim made by the Worker's Compensation Division of the Texas

Department of Insurance (Agency). Plaintiff's complaint in this case is essentially a mirror image of his complaint in Cause No. 7:10-CV-176 (which was dismissed three years ago by this Court for want of jurisdiction) with the exception that Rubell has named Lockheed-Martin as a party-defendant in addition to and/or in place of General Dynamics as his employer. In paragraph 1 of his current complaint Rubell alleges that he is a resident of Texas. In paragraph 2 of his complaint, Rubell alleges that Lockheed-Martin has its principal office in Texas. Under subsection (c)(1) of 28 U.S.C.§1332 a corporation is deemed to be a citizen of the state where it has its principal place of business as well as the state of its incorporation. Thus Plaintiff has alleged that both he and Lockheed-Martin are citizens of the state of Texas. Furthermore, the Agency is an agency of the state of Texas and hence deemed to be a citizen of the Texas. Therefore, complete diversity does not exist. No federal question has been raised nor any deprivation of a constitutional right called into question.

For the reasons articulated in this Court's Findings and Recommendations in the prior case 7:10-CV-176 (Docket No. 12), I find that Plaintiff's complaint is frivolous and leave to proceed *in forma pauperis* is DENIED. I further RECOMMEND to the District Court that this cause be dismissed for want of jurisdiction.

It is so ORDERED, this 2nd day of May, 2013.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).